UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEX BERRIOS-LOPEZ,

    Petitioner,

v.                                   Case No.:  2:26-cv-00280-SPC-DNF

KRISTI NOEM *et al.*,

    Respondents,
_____/

**OPINION AND ORDER**

    Before the Court are Alex Berrios-Lopez's Verified Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 5), and Berrios-Lopez's reply (Doc. 6).  For the below reasons, the Court grants the petition.

    Berrios-Lopez is a native and citizen of Honduras who entered the United States in 2018 and was apprehended by U.S. officials.  After four months in detention, Berrios-Lopez was served with a notice to appear and released on $15,000 bond.  He has since complied with all conditions of his release.  An immigration court dismissed his removal proceeding in 2024, and there is no immigration case currently pending against him.

    The government arrested Berrios-Lopez on January 20, 2026, without explanation, and detained him at Alligator Alcatraz.  He has since been transferred to the Mesa Verde Detention Center in Bakersfield, California.  In his petition, Berrios-Lopez claims his detention lacks any legal basis and

violates the Fifth Amendment, the Administrative Procedures Act, and the Immigration and Nationality Act. In response, the Assistant United States Attorney assigned to this case states his clients have not provided any documentation or information on Berrios-Lopez. Counsel believes—but cannot confirm—that Immigration and Customs Enforcement is detaining Berrios-Lopez under the mandatory detention provision of 8 U.S.C. § 1225(b)(2).

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225. As the respondents acknowledge, the Court rejected these arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Berrios-Lopez's detention is not governed by § 1225(b)(2). But unlike the prior cases, Berrios-Lopez's detention is not covered by § 1226 either. § 1226 allows the government "to detain certain aliens already in the

country pending the outcome of removal proceedings[.]" *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). According to the unrefuted evidence before the Court, an immigration judge dismissed the removal proceeding against Berrios-Lopez in 2024, and no new removal proceedings have been commenced. What is more, the government presents no evidence that Berrios-Lopez is removable or that removal proceedings are forthcoming.

In short, Berrios-Lopez has made a *prima facie* case that his detention lacks any legal justification, and the government acknowledges it has no documents of information to justify detention.

Accordingly, it is hereby **ORDERED**:

Alex Berrios-Lopez's Verified Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) The respondents shall release Berrios-Lopez within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 24, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1